| | DATE FILED: April 18, 2018 10:04 AM<br>FILING ID: 8312129DBDEDC<br>CASE NUMBER: 2018CV30947 |
|---|---|
| DISTRICT COURT, CITY OF COLORADO SPRINGS, COUNTY OF EL PASO, COLORADO<br><br>Court Address:   270 S. Tejon<br>                        Colorado Springs, CO 80903 | |
| Plaintiff(s):      Jennifer Errickson<br><br>Defendant(s):   Metropolitan Property and Casualty<br>                        Insurance Company | ▲COURT USE ONLY▲ |
| Kristopher C. Miller, #40990<br>Erica Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Phone Number:  (303) 757-3300<br>Fax Number:     (303) 759-5203<br>E-Mail:              vecchioe@fdazar.com<br>                        millerk@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Jennifer Errickson, by and through her attorneys, Franklin D. Azar and Associates, P.C., and submits the following for his Complaint:

## JURISDICTION AND VENUE

1. Plaintiff (Ms. Errickson) is an individual and resident of the State of Colorado.

2. Defendant, Metropolitan Property and Casualty Insurance Company is a foreign corporation registered in the State of Colorado.

3. Its principal office street address is 700 Quaker Lane, Warwick, RI 02886, United States. Defendant does business and can be found in this County, so venue is proper pursuant to Rule 98 (c), C.R.C.P.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

**EXHIBIT A**

## GENERAL ALLEGATIONS

1. Ms. Errickson purchased automobile insurance through Metropolitan Property and Casualty Insurance Company.

2. Ms. Errickson's insurance policy with Metropolitan Property and Casualty Insurance Company provides for underinsured automobile coverage.

3. Ms. Errickson was injured as a result of a motor vehicle collision which occurred in Colorado Springs, CO on June 30, 2017.

4. At the time of the collision, Ms. Errickson was a passenger in a 2015 Buick Verano.

5. Ms. Errickson was the owner of the Buick and her husband Garrett Hosman, was driving it.

6. At the time of the collision, Ms. Errickson's automobile insurance policy with Metropolitan Property and Casualty Insurance Company was in full force and effect.

7. At the time of the collision, the vehicle being driven by Mr. Hosman was headed southbound on Interstate 25.

8. Mr. Hosman slowed the vehicle for oncoming traffic.

9. A 1996 Toyota Tacoma being driven by Josh Surner failed to stop and collided with the rear end of the Buick.

10. The collision caused severe damage to the rear of the Buick, and severe damage to the front of the Toyota.

11. At the time of the collision, Mr. Surner was insured with Legacy. His policy provided for bodily injury coverage in the amount up to $25,000 per person, $50,000 per occurrence.

12. In March 9, 2018, Legacy paid the policy limits of $25,000 to settle Ms. Errickson's claim against Mr. Surner.

**FACTS PERTAINING TO THE UNDERINSURED MOTORIST COVERAGE CLAIM**

**EXHIBIT A**

13. As previously noted, Ms. Errickson had a Metropolitan Property and Casualty Insurance Company automobile insurance policy that provided coverage for the collision.

14. On February 7, 2018, Metropolitan Property and Casualty Insurance Company was sent medical bills and records related to the auto collision.

15. To date, Metropolitan Property and Casualty Insurance Company has not paid any underinsured motorist benefits to Jennifer Errickson.

**FIRST CLAIM FOR RELIEF BREACH OF CONTRACT**

16. Plaintiff re-alleges, as though re-stated in full, all of the allegations set for in paragraphs 1 through 15 of this Complaint.

17. Ms. Errickson's Metropolitan Property and Casualty Insurance Company automobile policy provides for underinsured motorist coverage in order that insured injured victims of motor vehicle collisions are fully compensated in the event that the at-fault driver has insurance coverage which is not adequate to provide the injured victims full compensation.

18. The true value of Ms. Errickson's bodily injury claim far exceeds the limits of Ms. Surner's Legacy coverage.

19. By failing to pay Ms. Errickson fully compensation for her bodily injury claim, Metropolitan Property and Casualty Insurance Company has breached its insurance contract.

20. Plaintiff is entitled to be compensated by Defendant for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, and past and future medical expenses under the coverage any applicable policies.

**SECOND CLAIM FOR RELIEF COMMON-LAW BAD FAITH**

21. Plaintiff re-alleges, as though re-stated in full, all of the allegations set forth in paragraphs 1 through 20 of this Complaint.

22. Defendant had an obligation to act in good faith with respect to Ms. Errickson's claim for underinsured motorist coverage benefits.

23. Defendant acted unreasonably in the handling Ms. Errickson's UIM claim; this unreasonable conduct included but is not limited to the following:

**EXHIBIT A**

   a. Favoring its own interests over those of the Ms. Errickson.
   b. Not making a payment for any undisputed UIM benefits which Ms. Errickson was entitled.
   c. Not offering Ms. Errickson an explanation to justify its unreasonable denial.
   d. Compelling the Plaintiff to institute litigation in order to recover amounts legitimately due to her under the Metropolitan Property and Casualty Insurance Company policy.
   f. Metropolitan Property and Casualty Insurance Company knew that its' conduct with respect to settling Ms. Errickson's UIM claim was unreasonable or at least recklessly disregarded the fact that its' conduct was unreasonable.
   g. Metropolitan Property and Casualty Insurance Company's unreasonable conduct was the cause of the additional damages to the Plaintiff, including emotional distress and the loss of business opportunity with respect to investment of the UIM settlement proceeds.

24. Ms. Errickson sustained injuries and damages as a result of Metropolitan Property and Casualty Insurance Company's unreasonable conduct including added emotional distress, added attorney fees and costs, and loss of investment opportunities.

## THIRD CLAIM FOR RELIEF FIRST PARTY STATUTORY CLAIM

25. Plaintiff re alleges, as though re-stated in full, all of the allegations set forth in paragraphs 1-24 of this Complaint.

26. In accordance with C.R.S. 10-3-1115 and 1116, a Defendant insurer is liable for statutory damages in the event it unreasonably delays or <u>denies</u> payment of a covered first party benefit which includes benefits under underinsured motorist coverage provisions of automobile insurance contracts.

27. Defendant unreasonably delayed and denied payment of underinsured motorist coverage benefits to the Plaintiff.

28. The Defendant's delay and denial was without a reasonable basis.

29. Defendant's unreasonable position and conduct has caused Plaintiff damages by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

30. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

**EXHIBIT A**

WHEREFORE, Plaintiffs prays for the judgment against Defendant for the sum of $100,000 on her breach of contract claim, for such additional damages under her common-law bad faith claim as may be deemed reasonable and appropriate, and for additional damages, attorney fees and costs consistent with her statutory claim. In addition, Plaintiff seeks interest, costs, and such other and further relief as this Court shall deem proper under the circumstances.

Respectfully submitted this 18th day of April, 2018.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**

By: /*s/Kristopher C. Miller*
Kristopher C. Miller, #40990
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**2207 East 12th Street**

**Pueblo, CO 81001**

**EXHIBIT A**